**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-10112
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ALVINO BORREGO,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas

3:94-CR-367-H

December 3, 1997

Before WISDOM, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Alvino Borrego was charged with being a felon in possession of a firearm, possessing an unregistered firearm, and related aiding and abetting charges. Borrego moved to suppress firearms seized in automobile searches conducted on September 15, 1994 and September 29, 1994. The district court denied this motion, and Borrego pleaded guilty to the charges. Now, he appeals the district court's denial of his motion to suppress the firearms. We find that the district court did not err.[2]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2]    We review the district court's findings of fact for clear error and conclusions of law *de novo*. *United States v. Seals*, 987 F.2d 1102, 1106 (5th Cir. 1993). We view all of the evidence introduced

The first search in issue occurred on September 15, 1994. Officers observed Borrego and Javier Soliz driving an Oldsmobile Cutlass automobile in an area in which that type of vehicle is commonly stolen. The officers ran a check on the license plate of the vehicle and learned that the car might be stolen. Then, they followed the vehicle to an apartment complex where Soliz parked the car. The officers confronted Soliz. Soliz asserted that he did not know who owned the vehicle. At this point, one of the officers approached the vehicle and noticed that the rear window had been smashed, the steering column was broken, and the radio was missing. She also saw a sawed-off shotgun lying across the back seat. Then, she found a .357 caliber revolver behind the driver's seat. The officers arrested Soliz and seized the firearms. After his arrest, Soliz informed the officers that his mother owned the car. Later, they arrested Borrego.

The district court correctly concluded that Borrego lacked standing to challenge this search. Borrego did not own the vehicle searched, nor did he have an expectation of privacy in the vehicle.[3] Our remaining inquiry, then, presupposes that the police were lawfully inside the automobile. Nonetheless, Borrego maintains that the police violated the Fourth Amendment by seizing the firearms found in the car. We disagree. Under the "plain view" exception to warrants, an officer may seize items that she observes during a lawful search if she has probable cause to believe that those items are contraband or will be useful in establishing that a crime was committed.[4] In this case, the

---

at the suppression hearing in the light most favorable to the government as the prevailing party in the suppression hearing. *United States v. Ponce*, 8 F.3d 989, 995 (5th Cir. 1993).

[3]     Borrego practically concedes this point in his brief where he states "It is not the search complained of by the defendant, but rather the seizure of his property," Appellant's Brief at 9, and "On the matter of standing, the Court below may be right concerning standing to contest a 'search', but not as regards a 'seizure' of one's own property under the plain view doctrine." *Id*. at 12.

[4]     *United States v. Hill*, 19 F.3d 984, 989 (5th Cir. 1994).

officers had probable cause to believe that they had found a stolen vehicle and an illegal firearm. The seizure of the weapons was valid. The district court did not err by refusing to suppress this evidence.

Borrego also complains about a second automobile search conducted on September 29, 1997. The police learned that Borrego was wanted for a parole violation. An undercover officer staked out the location where Borrego was believed to be. The officer positively identified Borrego and informed uniformed officers that Borrego was leaving in his vehicle. Uniformed officers stopped and arrested Borrego. As part of the arrest, uniformed officers searched the vehicle. They found a sawed-off shotgun and ammunition in the trunk. Borrego challenges this search, arguing that the police used his arrest as a pretext to search his vehicle for evidence of other crimes. The district court found this search to be valid as a legitimate inventory search subject to a lawful arrest.[5] We agree. The police conducted this search under the standard procedures of the Dallas Police Department. Officer McDaniel, the undercover officer who identified Borrego, called for uniformed officers to make the arrest because he was in an undercover unit. He could not make the arrest. We find that this arrest and the subsequent search of Borrego's vehicle were not a pretext to search for evidence of other crimes. They were the product of sound police action under the procedures of the Dallas Police Department.

The district court did not err in refusing to suppress this evidence. The judgement is AFFIRMED.

---

[5]    *See United States v. Andrews*, 22 F.3d 1328, 1334 (5th Cir. 1994).